```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH W. FOLEY,                                            :
                                                            :      25-CV-1526 (VB) (RWL)
                               Plaintiff,                   :
                                                            :
               - against -                                  :      ORDER:
                                                            :      MOTION TO REMAND
CAPITAL ONE, N.A.,                                          :
                                                            :
                               Defendants.                  :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On January 14, 2025, Plaintiff Joseph W. Foley, proceeding *pro se*, filed a verified complaint in New York State Supreme Court, alleging that Defendant Capital One, N.A., improperly closed the accounts for businesses of which Foley was President and then attributed the corporate debts to Foley individually even though he never personally guaranteed them. As a result, Foley's credit score plummeted 150 points, and Foley was denied a mortgage among other adverse consequences. Foley claims violations of the Fair Credit Reporting Act ("FCRA"), breach of contract, negligence, and deceptive and bad faith business practices. He seeks compensatory and punitive damages. On February 24, 2025, Capital One removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446. Now before the Court is Foley's motion to remand pursuant to 28 U.S.C. § 1447(c) on the basis that Capital One's removal was filed beyond the 30-day period for

1

doing so.  Foley also has filed a motion for sanctions for wrongful removal.  For the reasons explained below, the motions are DENIED, and the case will not be remanded.[1]

### BACKGROUND

Foley's motion turns on when he properly served Capital One with his state court summons and complaint.  Foley claims he properly served Capital One on January 14, 2025.  If so, then Capital One did not timely file its notice of removal.  Capital One contends it was not properly served until February 5, 2025.  If Capital One is correct, then it timely removed the case.  Accordingly, the Court trains its focus on the facts relevant to service of process.

There are four affidavits of service in the record.  (*See* Dkt. 12-1 at ECF 9-13.)  The first in time, based on the date notarized, is dated January 14, 2025 (the "January 14 Affidavit").  (Dkt. 12-1 at ECF 10.)  The January 14 Affidavit is signed by process server Shamia Farin, who attests to service by personal delivery to CT Corporation System ("CT Corp.").  (*Id.*)  Although CT Corp. generally is known for providing services as agent for service of process on corporate entities, the January 14 Affidavit incorrectly refers to CT Corp. as "the same person mentioned and described in the above named proceeding as the person to be served."  (*Id.*)  CT Corp. is not a party to this proceeding, and nothing in the January 14 Affidavit indicates that it is an agent for service of process on Capital One.  To the contrary, the January 14 Affidavit does not check the box for service on an agent; nor does it check the box for service on a corporate officer.  It is no surprise then that, as Foley concedes, CT Corp. "rejected service."  (Dkt. 28 at 3.)

---

[1] The case has been referred to me for general pretrial purposes as well as for reports and recommendations on dispositive motions.  (Dkts. 6, 22.)

The second affidavit of service is sworn to February 4, 2025, and is also signed by Farin (the "February 4 Affidavit"). (Dkt. 12-1 at ECF 12.) The February 4 Affidavit indicates that the summons and complaint were delivered personally to Capital One, N.A. The February 4 Affidavit does not, however, identify the address to which delivery was made or the date when delivery was made. And although the February 4 Affidavit describes the physical traits of the person served, nothing in the affidavit indicates the individual's position or whether they were authorized to accept service for the corporation.

The third affidavit of service is dated February 5, 2025, and is signed by process server Francisco Cruz (the "February 5 Affidavit"). (Dkt. 12-1 at ECF 13.) The February 5 Affidavit attests to personal service on Corporate Service Company ("CSC"), which Capital One admits is its agent for service of process. (Dkt. 25 at 6.)

The fourth affidavit was sworn to by process service Farin on February 24, 2025, the same day that Capital One filed its notice of removal (the "February 24 Affidavit"). (Dkt. 12-1 at ECF 9.) The February 24 Affidavit is unlike the other three in that it does not attest to any additional service attempt but instead refers back to the February 4 Affidavit to explain and expand on it. The February 24 Affidavit provides an address where process server Farin served Capital One and confirms the date of service. Farin attests that she personally served Capital One on "January 14, 2024 [sic]," at 853 Broadway, New York, New York, and that the February 5 Affidavit was not prepared earlier due to administrative processing. (*Id.*) Capital One's principal place of business is in Virginia. (*See* Declaration of Ahmed H. Khattab filed March 21, 2025 (Dkt. 26) ("Khattab Decl."),

3

Ex. 2.) The 853 Broadway address is the location of a Capital One café.[2] (*See id.* Ex. 1.)

## LEGAL STANDARDS FOR REMOVAL AND REMAND

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(b), to be timely, a case must be removed within thirty days of defendants' receipt of the complaint "through service or otherwise." 28 U.S.C. § 1446(b)(1). Notwithstanding the statutory language, the 30-day removal period is only triggered after "formal service" of the summons and complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999). This rule is consistent with the long-standing principle that a "defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347.

If a case is improperly removed to federal court, a plaintiff may to remand the case back to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing that removal was proper, including compliance with the procedural requirements of the removal statute. *See Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020). "Because statutory procedures for removal are to be strictly construed, [federal courts] resolve any doubts against removability." *Taylor v. Medtronic, Inc.,* 15 F.4th 148, 150 (2d Cir. 2021) (internal quotations marks and citations omitted).

---

[2] According to Capital One's website, a Capital One café is a "community space" with a coffee bar, free wi-fi, a community meeting room, and banking services. (*See* Capital One, *https://www.capitalone.com/local/* (last visited March 31, 2025).)

4

**DISCUSSION**

As stated above, whether this action should be remanded depends on when Foley first properly served Capital One.[3] If Foley properly served Capital One on January 14, 2025, then Capital One's removal on February 24, 2025, was untimely. If Foley did not serve Capital One on January 14, 2025, then Capital One timely filed its notice of removal within the 30-day statutory window. The following discussion first sets forth the rules for service of process on a corporation, and then explains why Foley's attempted service on January 14, 2025, was invalid. The earliest that proper service occurred was February 5, 2025, when Foley served Capital One's agent for service of process. As a result, Capital One timely removed the action.

**A.     Service On A Corporation**

Federal Rule of Civil Procedure 4(h) governs service of process on a corporate entity.[4] A corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized

---

[3] The parties do not dispute that this Court has jurisdiction over the matter in the event that removal was timely. Foley asserts a cause of action under the FCPA, a federal law. Federal subject matter jurisdiction thus exists under 28 U.S.C. § 1331. Although Foley's additional claims are grounded in state law, the Court has discretion to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

[4] Even though the Court affords a liberal reading of a *pro se* litigant's pleadings, as the Court has done here, a *pro se* litigant is not excused from complying with procedural rules. *See Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20-CV-8635, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) ("Pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law'") (quoting *Maisonet v. Metropolitan Hospital & Health Hospital Corp.*, 640 F. Supp.2d 345, 348 (S.D.N.Y. 2009)); *Harley v. Nesby*, No. 08-CV-5791, 2011 WL 6188718, at *11 (S.D.N.Y. Dec. 12, 2011) ("pro se parties are not excused from complying with procedural rules") (collecting cases).

by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which allows service in accordance with the law of the state where the district court is located. Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). The relevant law here is that of New York.

Under New York law, personal service on a corporation can be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311(a)(1). A plaintiff may also serve a corporation by "[p]ersonally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee," or by "[e]lectronically submitting a copy of the process to the department of state together with the statutory fee." N.Y. Bus. Corp. Law § 306(b)(1).

"[T]he phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise." *Cooney v. Barry School of Law*, 994 F. Supp.2d 268, 270 (E.D.N.Y. 2014) (adopting the same definition under both Fed. R. Civ. P. 4 and New York C.P.L.R. § 311); *see also Vistra Transit Co. v. Stoffel*, No. 08-CV-2844, 2008 WL 5454126, at *7 (S.D.N.Y. Dec. 29, 2008) ("The New York Court of Appeals has held that a section 311(a)(1) 'managing agent' is a 'person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent ... who acts in an inferior capacity and under the

direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it.'") (quoting *Taylor v. Granite State Provident Association*, 136 N.Y. 343, 346, 32 N.E. 992, 993 (1893)).  "A 'managing agent' is not a manager in the colloquial sense, i.e. a person whose role is to supervise the day-to-day work of other employees. To hold otherwise would essentially result in redefining the term 'managing agent' to mean any 'person of suitable age and discretion' employed by the defendant corporation." *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (internal quotation marks and citation omitted).  "'Person of suitable age' is the less demanding standard for individual service permitted under C.P.L.R. § 308(2)," not service on a corporation.  *Id*.

"A person's actual job title does not control whether he or she is a 'managing agent' under section 311(a)(1).  Nor need a person be vested with express authority to accept service."  *Vistra*, 2008 WL 5454126, at *7 (citations omitted).  A process server may reasonably rely on a corporation's employees to identify the individuals authorized to accept service.  *Old Republic Insurance Co. v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  "As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service."  *Feng Lin*, 2019 WL 1450746, at *5.  A process server's affidavit of service creates a presumption of proper service.  N.Y. C.P.L.R. § 311(a).

**B.     There Is No Proof Of Proper Service On January 14, 2025**

Foley claims he properly served Capital One on January 14, 2025.  The January 14 Affidavit does not establish service on Capital One because that affidavit attests to

7

service on CT Corp., which is neither affiliated with this action nor Capital One's agent for service of process. Foley thus relies principally on the two affidavits executed by process server Farin – the February 4 Affidavit and the February 24 Affidavit. The February 4 Affidavit by itself is not sufficient proof of service. It does not state the day service was made, the address at which service was made, or whether the person on whom service was made was authorized to accept service. (*See* Dkt. 12-1 at ECF 12.) The February 24 Affidavit does not cure any of those defects. First, the affidavit attests to service on "January 14, 2024." (Dkt. 12-1 at ECF 9.) The affidavit attests three separate times – in bold – to Farin having served Capital One on that date. (*Id.*) As Foley did not even file the case in state court until January 2025, service could not have been made on January 24, 2024. The February 24 Affidavit thus does nothing to cure the deficiencies of the February 4 Affidavit.

Even if the 2024 date were a typographical error, the proof of service would still be defective. That is because even though the February 24 Affidavit provides an address and the date of service, it does not identify the person to whom the papers were delivered (other than their physical characteristics) and does not provide any information about whether that person was authorized to accept service of process.

"Courts in this circuit consistently decline to find affidavits adequate to establish service on a corporate defendant when the individual served is not identified and the affidavit fails to explain the basis for the affiant's conclusion that the individual served was authorized to accept service for the corporation." *Tung v. Hemmings*, No. 19-CV-5502, 2021 WL 4147419, at *3 (E.D.N.Y. Sept. 13, 2021); *see also Burton v. Wells Fargo, N.A.*, 738 F. Supp.3d 274, 298 (S.D.N.Y. 2024) (finding service was improper because affidavit

of service did not explain how person was authorized); *Feng Lin*, 2019 WL 1450746, at *5 (same, where affidavit generally attested that process server knew the named individual served "to be a managing agent [of the corporation] authorized to accept service"); *Chen v. Best Miyako Sushi Corp.*, No. 16-CV-2012, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) (same, where affidavit referred to service on "Sheckie 'Doe'" as "managing agent"), *R&R adopted*, 2021 WL 706412 (S.D.N.Y., Feb. 19, 2021).

Service on Capital One in this case bears considerable similarity to service on Wells Fargo in *Burton*. There, the plaintiff purported to have effected service on Wells Fargo by delivering a copy of the summons and complaint to a bank teller at a local Wells Fargo branch. 738 F. Supp.3d at 297. The affidavit of service stated that the "[Teller] is authorized to accept service." *Id.* (brackets in original). The Court found that service was not proper. *Id.* at 298. The affidavit of service did not explain how the process server arrived at the conclusion that the teller was authorized to accept service and thus did not enable the Court to "discern what steps, if any, the process server took to conclude that the teller was authorized" to do so. *Id*. That omission was a "facial infirmity" that failed to demonstrate that the process server "reasonably relied on Wells Fargo's employees to determine who could accept service." *Id.* Here, the February 4 and February 24 Affidavits do not even state the process server's conclusion that the person to whom she delivered the papers was authorized to accept service of process, let alone an explanation of how the process server came to such a conclusion.

Foley's reliance on *Fashion Page Ltd. v. Zurich Insurance Co.*, 50 N.Y.2d 265, 428 N.Y.S.2d 890 (N.Y. 1980), is misplaced. There, the New York Court of Appeals found that the defendant corporation had been properly served by delivery of the summons to

9

the secretary of the corporate vice-president, an officer of the company. *Id.* at 266. The Court so held because the defendant's receptionist and the vice-president's secretary herself identified the secretary as a person authorized to accept service for the corporation. *Id.* at 269. The process server thus had a reasonable basis to conclude that the secretary was authorized to accept service. *Id.* at 273. Here, in contrast, nothing in either the February 4 Affidavit or the follow-on February 24 Affidavit provides any information at all that would have allowed the process server to believe that the anonymous individual to whom she delivered the summons had any authority to accept service on behalf of Capital One.

Foley also argues, in reply, that Capital One was properly served because it did not publicly list a registered agent for service of process and "did not appear as an active registered foreign or domestic entity in the New York Department of State Division of Corporations[sic] database." (Dkt. 28 at 3 and Ex. 2.) Foley argues that "Capital One cannot use its own lack of transparency to escape proper service." (Dkt. 28 at 3.) Again, Foley is mistaken. New York law prescribes the method of service on an unauthorized foreign corporation. *See* N.Y. Bus. Corp. Law § 307. Under that provision, an unauthorized foreign corporation can be served by both serving the New York Secretary of State (by either personal delivery or electronic means) and then either delivering notice to the foreign corporation outside of New York, or sending notice to the foreign corporation. *Id.* § 307(b); *see generally Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 57, 556 N.Y.S.2d 510, 512 (1990) (explaining the requisite procedure and holding that "strict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation"). No affidavit of service in the record

10

attests to service having been made in compliance with that provision. Accordingly, that Capital One is not registered in New York and does not publicly designate an agent for service of process is irrelevant.

### C.  There Is No Basis For Remand

Inasmuch as there is no proof of proper service made on January 14, 2025, the only potentially valid proof of service is the February 5 Affidavit attesting to service on CSC on February 5, 2025. As Capital One filed its notice of removal nineteen days later on February 24, 2025, the notice falls comfortably within the 30-day window for removal after service. Accordingly, the case is not subject to remand. And, as Foley's motion to remand is denied, his motion for sanctions for wrongful removal is denied as well.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED. To the extent not discussed herein, the Court has considered Plaintiff's arguments and found them to be either moot or without merit. The Clerk of Court is directed to terminate the motions at Dkts. 11, 13, 14, and 15.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2025
         New York, New York

Copies transmitted this date to all counsel of record.

11