```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH W. FOLEY,                                            :
                                                            :    25-CV-1526 (VSB) (RWL)
                            Plaintiff,                      :
                                                            :          ORDER
              - against -                                   :
                                                            :
CAPITAL ONE, N.A.,                                          :
                                                            :
                            Defendant.                      :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Joseph W. Foley filed suit against Defendant Capital One, N.A. for violation of the Fair Credit Reporting Act, breach of contract, negligence, and deceptive and bad faith business practices. On June 26, 2025, this Court issued a Report and Recommendation recommending denial of Plaintiff Joseph W. Foley's motion for partial summary judgment, which Foley filed, with leave of the Court, before the conclusion of discovery. (Dkt. 71.) Foley now moves for reconsideration. (Dkt. 72.)

The motion addressed a single, narrow, substantive issue: "Assuming that Plaintiff never signed a document agreeing to personal liability for the Capital One credit card accounts of his corporate entities (LLCs, or other form if applicable), can Plaintiff nevertheless be personally liable based on the terms of the Capital One Customer Agreements and customer kits appearing at Dkt. 51-1 through 51-4, whether alone or in combination with use of the credit card accounts by those corporate entities?" (Dkt. 71 at 1.)

The Court answered that question in the affirmative. Specifically, the Court found that Foley could be liable under the terms of the Customer Agreements that Capital One asserts applied to the accounts in question. (*Id.* at 7.) The Court noted, however, that

1

the Customer Agreements before the Court are generic and "could apply to everyone or no one" and that whether they in fact did apply to the subject accounts was a disputed material fact to be explored in discovery. (*Id.* at 13.) The Court observed that "the burden is on Capital One to prove that the Customer Agreements were ones specifically applicable to the Foley business accounts and that Foley had notice of the terms." (*Id.*)

Motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

Foley does not satisfy the "strict" standard for reconsideration. He points to no controlling decisions or data that the Court overlooked, no intervening change of controlling law, no new evidence, and no clear error or manifest injustice. Instead, Foley

2

tries to recast the narrow scope of the partial motion. Foley argues that "the motion boiled down to a single issue"; namely, "Is there any *evidence* – signed, delivered, received, or assented to – that ties Joseph W. Foley to the Customer Agreements (CAAs) such that he could be personally liable?" (Dkt. 72 at 1 (emphasis added).) Not so. The question specifically was whether Foley could be held liable in the absence of a signed agreement. The question was a legal one, not an evidentiary one. Having come out on the losing end, Foley now seeks to reframe the issue into a full-scale inquiry as to whether the Customer Agreements in fact apply to the Foley accounts.

Foley also lays fault at Capital One's door, asserting that the partial motion was Capital One's chance to submit any evidence proving the Customer Agreements bound Foley, including whether Foley received or assented to the terms of the agreements. As he puts it, "[t]his motion was [Capital One's] opportunity" to prove "that the CAAs governed my accounts." (*Id.* at 2.) But that again misconstrues the nature of the motion. Earlier in the case, the Court ordered Capital One to file all agreements it contends govern the Foley accounts. (Dkt. 47.) The Court did not request evidentiary proof or a sworn statement, and did not frame that issue for the partial motion. For the same reason, Foley is off the mark when he suggests that Capital One did not comply with what the Court had ordered. (*See* Dkt. 72 at 2.)

Finally, Foley asks that the Court reserve decision and compel Capital One to produce, within three days, "specific evidence demonstrating that the CAAs governed my accounts and were provided to me." (*Id.* at 2-3.) The Court understands Foley's desire to resolve this matter sooner rather than later. That is why the Court entertained the early motion for partial summary judgment. But now that the Court has determined that the

3

motion should be denied, discovery must be allowed to proceed in a way that is fair to all parties. In any event, the discovery required in this case should be quite modest and is already approaching its deadline – discovery is scheduled to close later this month on July 29, 2025. (Dkt. 36 ¶ 7.) If Plaintiff has a basis to move for summary judgment at the close of fact discovery, he may request to do so.

Accordingly, the motion for reconsideration is DENIED.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2025
       New York, New York

Copies transmitted this date to all parties.