```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH W. FOLEY,                            :
                                            :    25-CV-1526 (VSB) (RWL)
                        Plaintiff,          :
                                            :           ORDER
        - against -                         :
                                            :
CAPITAL ONE, N.A.,                          :
                                            :
                        Defendant.          :
---------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the parties' letter motions at Dkt. 79 and Dkt. 80.

**Plaintiff's Motion (Dkt. 79)**

Plaintiff's motion for discovery sanctions (Dkt. 79) is denied (but with one qualification explained below). Defendant substantially complied with the Court's order of July 15, 2025. (Dkt. 77.) Plaintiff does not accurately describe several facts, particularly with respect to Defendant's supplemental responses to the interrogatories. With respect to documents, Defendant expressly reference relevant Bates number ranges in its supplementary interrogatory answers. Plaintiff again misstates Defendant's obligation with respect to timing for production of any affidavit to be submitted in connection with summary judgment; such affidavit need not be provided unless and until Defendant has reason to provide in connection with summary judgment or other application.

However, Defendant is not without fault. Defendant presented a stipulation and order for protection of confidential information only two days before the July 15, 2025 order's deadline for compliance (July 24, 2025). The absence of an agreement or order for protection of confidential information cannot now be used as a reason to further delay

1

production of documents.  Any request for such a stipulation and order should have been addressed at the outset of discovery.  There is no justification for the delay.  Accordingly, Defendant must produce any and all responsive documents regardless of confidentiality concerns and must do so by **August 11, 2025**, with or without there being an agreement or order of confidentiality.

The qualification noted below concerns Defendant's responses to Plaintiff's request for admissions. Plaintiff is correct that the Court's July 15, 2025 order clearly denoted the time for Defendant's compliance:  the order required Defendant to comply with requirements of the order, including responding to the requests for admission, by July 24, 2025.  (Dkt. 77 ¶¶ 2, 15.)  Defendant represents that it served responses and objections to Plaintiff's request for admissions.  It is not clear from either party's filing, however, when Defendant served those responses.  If Defendant served its responses after July 24, 2025, then by **August 11, 2025**, Defendant shall show cause in writing why the requests to admit should not be deemed admitted.

Plaintiff's request for leave to file for summary judgment is denied without prejudice as premature.  Discovery has not yet closed.

**Defendant's Motion (Dkt. 80)**

Defendant's motion for discovery sanctions also is denied.  Even though Plaintiff's assertions at times have not been accurate, Defendant has not demonstrated that Plaintiff acted in bad faith.  And, as explained above, Defendant's own conduct is less than exemplary.

Defendant's motion to compel Plaintiff's deposition, however, is granted.  Notwithstanding that Defendant could have served notice of Plaintiff's deposition

2

considerably earlier in time, Defendant offered cooperatively to arrange a mutually convenient date and time for the deposition and, if necessary, given Plaintiff's travel plans, extending the discovery deadline for that purpose.  Plaintiff's refusal was unreasonable, all the more so as he asked for alternative dates after August 20, 2025, but then refused to extend discovery for that purpose.  Accordingly, Plaintiff shall make himself available for deposition and shall cooperate in scheduling it to take place **by September 25, 2025**.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkt. 79 and 80.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2025
       New York, New York

Copies transmitted this date to all parties.